IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HONEY GANTT                                                                    PLAINTIFF

v.                           CIVIL NO. 5:18-CV-5063

ANDREW M. SAUL,[1] Commissioner,
Social Security Administration                                                 DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Honey Gantt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on October 18, 2015, alleging an inability to work since August 18, 2014, due to back problems, achondroplasia dwarfism, neck problems, limb numbness, sleep apnea, arthritis, knee pain, joint pain, restless legs, and severe headaches. (Tr. 223, 231, 241, 250). For DIB purposes,

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Plaintiff maintained insured status through December 31, 2019. (Tr. 223, 231, 241, 250). An administrative hearing was held on November 17, 2016, at which Plaintiff and a vocational expert testified. (Tr. 191-220).

By written decision dated April 20, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of congenital dwarfism; degenerative disc disease from T12-S1 status post decompressive laminectomy; and osteoarthritis of the cervical spine and thoracic spine. (Tr. 23). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), except that she can only occasionally perform overhead reaching and can only occasionally bend, stoop, and/or squat. (Tr. 24). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing her past relevant work as a telemarketer as that job was actually and generally performed. (Tr. 28). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from August 18, 2014, the alleged onset date, through the date of the decision. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, but the request was denied on February 9, 2018. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 29th day of July, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE